UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEVIN HOYT

VERSUS

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION

CIVIL ACTION

NO. 08-99-CN

# RULING

This Social Security disability case comes before the Court on the motion of Plaintiff, Kevin Hoyt, for attorney's fees under 28 U.S.C. § 2412(d), The Equal Access to Justice Act (EAJA). The motion is unopposed.

## PROCEDURAL HISTORY

On February 15, 2008, Plaintiff filed a Complaint with this Court seeking judicial review of the Commissioner's decision to deny Disability Income Benefits and Supplement Security Income payments under the Social Security Act. On December 8, 2008, the Court entered a Final Judgment and Order of Remand, and remanded the case to the commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for the purpose of conducting further administrative proceedings regarding Plaintiff's claim for supplemental security income under titles II and XVI of the Social Security Act.

On January 17, 2009, Plaintiff filed his unopposed motion for attorney fees under EAJA (Plaintiff's Motion, R. Doc. 18). The application seeks $4, 240.25 in attorney's fees (28.25 hours at $125.00 per hour for attorney hours and 13.80 hours at $55.00 for paralegal hours).[1] The

---

[1] No costs or expenses are requested in this case.

motion indicates that the Commissioner has no opposition to this request, therefore the motion is unopposed.

## ANALYSIS

Under 28 U.S.C. § 2412(b), a court may award reasonable fees and expenses of attorneys to the prevailing party in any civil action brought against the United States or any agency or official of the United States acting in his or her official capacity.  A court may decline to award attorney's fees and expenses if it finds that the position of the United States was substantially justified or that special circumstances make an award unjust. *Herron v. Bowen,* 788 F.2d 1127, 1130 (5th Cir. 1986); 28 U.S.C. § 2412(d)(1)(A).

In a Social Security case, when the district court reverses the Commissioner's decision and remands the case in accordance with the fourth sentence of 42 U.S.C. § 405(g)[2], the plaintiff is considered a "prevailing party" under the Equal Access to Justice Act. *Melkonyan v. Sullivan*, 501 U.S. 89, 111 S. Ct. 2157, 115 L. Ed. 2d 78 (1991); *Shalala v. Schaefer*, 509 U.S. 292, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993).

Under 28 U.S.C. § 2412(d)(1)(B), a party seeking an award of fees and other expenses shall, within 30 days of final judgment in the action, submit to the court an application for fees and other expenses.  "Final judgment" means a judgment that is final and non-appealable. 28 U.S.C. § 2412(d)(2)(G).  Because Fed. R. App. P. 4(a) sets a deadline of 60 days for taking an appeal of a civil case in which a federal officer is a party,  the deadline for filing an application

---

[2] The fourth sentence of 42 U.S.C. § 405(g) provides:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.

for attorney's fees under the Equal Access to Justice Act is 90 days from the date the judgment is entered on the court's docket. *Shalala v. Schaefer, supra*; Fed. R. Civ. P. 79(a).

In the present case, the Court specifically issued a fourth-sentence remand judgment. The Court signed the judgment on December 8, 2008, and the Clerk of Court entered it on the Court's docket on the same day. *Id.* Plaintiff filed the present application on January 17, 2009; therefore, the application is timely.

The Commissioner has not challenged Plaintiff's assertion that the Government's position was not substantially justified.

## **Hours Claimed**

Plaintiff's counsel has filed an affidavit with the Court setting forth his time expended in prosecuting this case.[3] The affidavit shows that counsel spent a total of 28.25 hours on this case. Under 28 U.S.C. § 2412(d)(1)(B) which states in part:

> ...[a] party seeking an award of fees and other expenses shall, ... submit to the Court an application for fees and other expenses which shows... the amount sought, including an itemized statement from any attorney ... representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.

The itemized statement is attached to plaintiff's motion. The statement indicates that most of counsel's time was spent preparing his brief in support of appeal, i.e. at total of 20.75 hours. The procedural history of this case is quite complicated. Plaintiff's application was denied initially and by the ALJ in a September 2004 decision. While his denial was under review by the appeal counsel, plaintiff filed a second application which resulted in an award of benefits beginning September 2004. The appeals counsel not only remanded the September 2004 adverse decision

---

[3] See Attachment to motion (R.Doc. 18).

3

to the ALJ with specific instructions, but also the February 17, 2005 favorable decision which awarded plaintiff benefits.  Another hearing on both decisions was held in February of 2007.  The ALJ issued a decision from this hearing on July 27, 2007, denying benefits, which decision is the basis for this law suit.  Plaintiff filed his brief in support of the appeal in September 2008 and defendant Commissioner filed his Motion for Remand in November 2008.  On December 8, 2008, the Judgment was entered remanding this action.  Due to the complexity of the procedural history of this case and the lengthy time period of handling this case (approximately one year in Court alone) the Court finds that the time spent and the items delineated on the affidavit are reasonable.

Plaintiff is also requesting fees for 13.80 hours expended on the case by a paralegal, at the rate of $55.00 per hour.  As stated above, the procedural history of this case is complex and plaintiff's medical records are extensive in that they cover a time period from 1999 to 2007.  Therefore, a review of the itemized statement indicates that the time expended by the paralegal to prepare a medical summary is reasonable.

## Attorney Hourly Rate

Plaintiff's counsel requests an hourly rate of $125.00, which is the statutory rate established by 28 U.S.C. § 2412(d)(2)(A)(ii).  Plaintiff further requests an hourly rate of $55.00 for the work performed by the paralegal.  Again, Defendant has no opposition to this motion.

Under the EAJA reasonable fees must be based on prevailing market rates for the kind and quality of the services furnished, except that attorney's fees cannot be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor,

such as limited availability of qualified attorneys for the proceedings, justifies a higher fee.[4]  Plaintiff is not requesting an increased rate in this case for either attorney's hourly rate or the paralegal's hourly rate.

Further, the Fifth Circuit has held that a court, in using its discretion to analyze the particular facts of the case, including things considered "special factors" under the statute, award less than the cap, as adjusted by inflation or by the "special factors."[5]  Plaintiff has not argued that special factors are an issue in this case.

Therefore, the Court accepts plaintiff's request for an hourly rate of $125.00 for attorney fees and an hourly rate of $55.00 for work performed by the paralegal.

Accordingly,

The Court finds that Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) should be **GRANTED** and that Plaintiff is entitled to an award of attorney fees totaling $4,240.25, representing attorney fees of 28.25 hours at $125.00 per hour, and paralegal compensation of 13.80 hours at $55.00.  Judgment will be entered accordingly.

Signed in chambers in Baton Rouge, Louisiana, March 9, 2009.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[4]  *Clevenger v. Chater*, 977 F. Supp. 776, 799 (M.D. La. 1997) citing *Baker v. Bowen*, 839 F.2d 1075 (5th Cir. 1988) ("while the statute clearly allows an adjustment for changes in the cost of living, it does not absolutely require it."); and *Hall v. Shalala*, 50 F.3d 367 (5th Cir.) *reh'g denied*, 62 F.3d 398 (5th Cir. 1995); 28 U.S.C. § 2412 (d)(A)(I) and (ii).

[5]  *Robinson v. Barnhart*, 197 Fed. Appx. 368, 369, citing *Hall,* 50 F. 3d 367 at 369-370; *Id.*